**FILED**
2020 Mar-19  PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| EDDIE WILLIAMS, | ) | |
| AIS #240546 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  2:19-cv-01715-ACA-HNJ |
| | ) | |
| RAYMOND GAINES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 for violations of his civil rights during his incarceration at Donaldson Correctional Facility, in Bessemer, Alabama. (Doc. 1).  He names Officers Raymond Gaines, Glen Teague, and Warren Cook as defendants.[1]  (*Id.*, at 2-3).  The plaintiff seeks monetary relief.[2]  (*Id.*, at 5).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the court referred the complaint to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

---

[1]  The plaintiff also named "R. Brown" as a defendant.  (Doc. 1 at 1).  That individual did not file a waiver of service, join in the other defendants' motion for extension of time, or join in their Special Report.  The plaintiff has failed to request service on this defendant personally, or otherwise acknowledge the failure of R. Brown to respond. On this basis, the undersigned shall recommend the plaintiff's claim against R. Brown be dismissed without prejudice based on the plaintiff's failure to prosecute.

[2]  Although the plaintiff also seeks "to bring charges against them and have them punished to the full extent," (doc. 1 at 5), § 1983 does not provide those types of relief.

For the reasons stated herein, the undersigned **RECOMMENDS** the court **GRANT** the defendants' motion for summary judgment (doc. 12) as to the plaintiff's claims against defendant Teague and **DISMISS** those claims **WITH PREJUDICE.**

The undersigned **RECOMMENDS** the court **DENY** the defendants' motion for summary judgment (doc. 12) as to the plaintiff's Eighth Amendment excessive force claims against defendants Gaines and Cook and refer those claims to the undersigned for further action.

The undersigned further **RECOMMENDS** the court **DISMISS** the plaintiff's claims against R. Brown **WITHOUT PREJUDICE** based on the plaintiff's failure to prosecute and **DISMISS** the plaintiff's claim for denial of medical care **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.

## I. Procedural History

On November 13, 2019, the undersigned entered an Order for Special Report directing the Clerk to forward copies of the complaint to the defendants and directing the defendants to file a special report addressing the plaintiff's factual allegations. (Doc. 6). The undersigned advised the defendants that the special report could be submitted under oath or accompanied by affidavits and, if appropriate, the court would consider it a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. (*Id.*). The order advised the plaintiff that, after he received a copy of

the special report, he would have twenty-one days to file his initial disclosures pursuant to Rule 26(a)(1), Federal Rules of Civil Procedure.

On February 5, 2020, the defendants filed an answer and special report, supplemented by affidavits. (Doc. 12). On February 6, 2020, the undersigned notified the parties that the court would construe the special report as a motion for summary judgment and notified the plaintiff he had twenty-one (21) days to respond to the motion for summary judgment by filing affidavits or other material. (Doc. 13). The undersigned also advised the plaintiff of the consequences of any default or failure to comply with Fed. R. Civ. P. 56. (*Id.*). *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). The plaintiff failed to respond to the defendants' motion.

## II. Standard of Review

Because the court has construed the defendants' special report as a motion for summary judgment, Federal Rule of Civil Procedure 56 governs the resolution of the motion. Under Rule 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Chapman v. AI Transport,* 229 F.3d 1012, 1023 (11th Cir. 2000). The burden of proof is on the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues of material fact and that

he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each challenged element of his claim, all other issues of fact become immaterial, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Bennett v. Parker*, 898 F.2d 1530, 1532-33 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [citations omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett*, 898 F.2d at 1532.

However, any "specific facts" pled in a *pro se* plaintiff's sworn complaint must be considered in opposition to summary judgment. *See Caldwell v. Warden, FCI Talladega,* 748 F.3d 1090, 1098 (11th Cir. 2014) (citing *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986)). Additionally, because the plaintiff is *pro se*, the court must construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

### III. Summary Judgment Facts

The plaintiff alleged that, while incarcerated in Donaldson Correctional Facility, on or about November 19, 2018, at 3:15, defendant Teague, acting as the cube operator, opened the plaintiff's cell door, and defendants Gaines and Cook, as well as R. Brown, came in the cell and attacked the plaintiff. (Doc. 1 at 5). The plaintiff suffered a "busted head." (*Id.*). At some point in time, the plaintiff was denied medical attention. (*Id.*).

By affidavit, each of the named defendants assert they "have no knowledge of this incident on November 19, 2018 with inmate Eddie Williams M/240546." (Docs. 12-1, 12-2, and 12-3).

### IV. Analysis

Based on the plaintiff's allegations, the undersigned construes the plaintiff's complaint as stating a claim for excessive force[3] in violation of the Eighth Amendment to the United States Constitution.[4]

Courts analyze excessive force claims pursuant to the standards set forth in *Hudson v. McMillian*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986). The

---

[3] While the plaintiff may attempt to state a claim for deliberate indifference to medical needs, his failure to provide any particulars renders that claim subject to dismissal for failing to state a claim upon which relief may be granted.

[4] The plaintiff failed to allege in what capacity he brought his claims against each named defendant. The undersigned construes the claims as brought against the defendants in their individual capacities only, as the doctrine of sovereign immunity bars the claims against the defendants in their official capacities. *Burke v. Bowns*, 653 F.App'x 683, 688 n. 5 (11th Cir. 2016) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69–72 (2001)); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (a suit against a state official in his official capacity is a suit against the State itself); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (the Eleventh Amendment prohibits a suit against the State absent the State's consent to the suit).

analysis contains both a subjective and an objective component: (1) whether "the 'officials act[ed] with a sufficiently culpable state of mind,'" and (2) "if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson*, 503 U.S. at 8 (*quoting Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991) (alterations in original)).

The Supreme Court held that under the subjective part of the analysis, "the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. The court should consider the following factors when evaluating whether force used was excessive: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible official; (4) any efforts to temper the severity of a forceful response; and (5) the extent of the injury suffered by the inmate. *Id.*; *see also Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007).

Under the objective component, claims based on *de minimis* uses of physical force by prison guards are not cognizable; rather the claims must involve the type of force that is "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9–10. The Eleventh Circuit instructs:

> In determining whether the amount of force used against an inmate was *de minimis*, a court may consider the extent of the injuries suffered by the inmate. *Skrtich v. Thornton*, 280 F.3d 1295, 1302 (11th Cir. 2002). The Supreme Court recently has clarified, however, that the core judicial inquiry is "not whether a certain quantum of injury was sustained, but

6

rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, [559 U.S. 34, 37] (2010) (*quoting Hudson*, 503 U.S. at 7). The Court explained that injury and force are "only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Id.* at [38].

*Hall v. Santa Rosa Corr. Inst.*, 403 F.App'x 479, 481 (11th Cir. 2010).

Thus, a court must consider the "nature of the force" used, specifically, "whether it was nontrivial" and "applied maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010); *see also Hudson*, 503 U.S. at 9 (not every push or shove, even if it may later seem unnecessary, violates a prisoner's constitutional rights); *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) (force applied maliciously and sadistically satisfies the Eighth Amendment, regardless of injuries).

The plaintiff claims that on or about November 19, 2018, at 3:15, defendant Teague opened his cell door and defendants Gaines and Cook, along with R. Brown, came in and attacked him, leaving him with a "busted head." (Doc. 1 at 5). Each of the defendants responds by stating he has no knowledge of this incident, although Gaines and Teague specify they have no knowledge of the incident with plaintiff "on November 19, 2018," whereas Cook did not specify any time frame.. (Docs. 12-1, 12-2, 12-3). Although the defendants deny any knowledge of this incident, the plaintiff's sworn allegations are sufficient to survive summary judgment. "[W]hen conflicts arise between the facts evidenced by the parties," the court must "credit the nonmoving

party's version." *Evans v. Stephens*, 407 F.3d 1272, 1278 (11th Cir. 2005) (emphasis omitted); *see also Sears v. Roberts*, 922 F.3d 1199, 1206 (11th Cir. 2019) (holding a verified complaint must be treated as testimony for purposes of summary judgment).

The court cannot reconcile the defendants' sworn statements with the plaintiff's verified claim of his head getting "busted" by these defendants.   A district court may not make credibility determinations on a motion for summary judgment.   *Miller v. Harget*, 458 F.3d 1251, 1256 (11th Cir. 2006).   Moreover, for purposes of summary judgment, the undersigned should assume that the plaintiff's version of the incident is true.   *Johnson v. Moody*, 206 F.App'x 880, 885 (11th Cir. 2006) (citing *Mercado v. City of Orleans*, 407 F.3d 1152, 1156 (11th Cir. 2005)).   Even if a district court "believes that the evidence presented by one side is of doubtful veracity, it is not proper to grant summary judgment on the basis of credibility choices," *Miller*, 458 F.3d at 1256, because credibility determinations and the weighing of evidence "are jury functions, not those of a judge," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   Should a reasonable trier of fact believe the plaintiff's version of events, then a finding of excessive force against Gaines and Cook could be supported by the evidence.   Considered in the light most favorable to the non-moving party, the defendants' motion for summary judgment merits denial on the plaintiff's claims against Gaines and Cook.

In contrast, the plaintiff alleges Teague's only involvement in the events of November 19, 2018, was to open his cell door from the cube.   The plaintiff does not allege he did so to enable Gaines and Cook to allegedly assault him.   (Doc. 1 at 5).

8

Nothing in these facts states a claim for excessive force against defendant Teague. The defendants' motion for summary judgment warrants granting as to the claim against defendant Teague.

The defendants assert that, in their individual capacities, they are entitled to qualified immunity. (Doc. 12 at 5-6). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (*quoting Lane v. Franks*, 573 U.S. 228, 243 (2014)). To receive the protection of qualified immunity, a government official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Kesinger v. Herrington*, 381 F.3d 1243, 1248 (11th Cir. 2004). The parties here do not dispute the defendants were acting within their discretionary authority during the relevant time. Thus, the court turns to the considerations of first, "whether the plaintiff's allegations, if true, establish a constitutional violation," and second, if a constitutional violation occurred, "whether the right was clearly established." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).

The Eleventh Circuit provides: "In this Circuit, a defense of qualified immunity is not available in cases alleging excessive force in violation of the Eighth Amendment, because the use of force 'maliciously and sadistically to cause harm' is clearly established to be a violation of the Constitution by the Supreme Court decisions in *Hudson* and

*Whitley.*" *Skritch v. Thorton*, 280 F.3d 1295, 1301 (11th Cir. 2002); s*ee also Johnson v. Breeden*, 280 F.3d 1308, 1321-1322 (11th Cir. 2002) (same).

Under the plaintiff's version of the facts, defendants Gaines and Cook did not need to apply any force as the plaintiff was simply in his cell.  Because the issue of qualified immunity turns on the reasonableness of the application of force in the first place, which wholly depends on the circumstances surrounding the use of force, the undersigned cannot find these defendants are entitled to qualified immunity at this time.

## V. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** the court **GRANT** the defendants' motion for summary judgment (doc. 12) as to the plaintiff's claims against defendant Teague and **DISMISS** those claims **WITH PREJUDICE.**

The undersigned **RECOMMENDS** the court **DENY** the defendants' motion for summary judgment (doc. 12) as to the plaintiff's Eighth Amendment excessive force claims against defendants Gaines and Cook and refer those claims to the undersigned for further action.

The undersigned further **RECOMMENDS** the court **DISMISS** the plaintiff's claims against R. Brown **WITHOUT PREJUDICE** based on the plaintiff's failure to prosecute and **DISMISS** the plaintiff's claim for denial of medical care **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.

## VI. Notice of Right to Object

Any party may file specific written objections to this report and recommendation. A party must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments. An objecting party must serve a copy of its objections on each other party to this action.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

Upon receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations. The district judge must conduct a hearing if required by law. Otherwise, the district judge may exercise discretion to conduct a hearing or otherwise receive additional evidence. Alternately, the district judge may consider the record

developed before the magistrate judge, making an independent determination on the basis of that record.   The district judge also may refer this action back to the undersigned with instructions for further proceedings.

A party may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.   A party may only appeal from a final judgment entered by a district judge.

**DONE** this 19th day of March, 2020.

HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE